UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NAYMON STEWART,

               Petitioner,

                                      Case No. 17-10889

v.

                                        HON. AVERN COHN

SHIRLEE HARRY,

               Respondent.

_____/


**MEMORANDUM AND ORDER**
**DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS**
**AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

      This is a habeas case under 28 U.S.C. § 2254.  Michigan prisoner Naymon

Stewart ("Petitioner") is proceeding pro se.  Petitioner plead guilty to second-degree

murder and possession of a firearm during the commission of a felony in state court and

was sentenced to consecutive terms of 25 to 40 years imprisonment and two years

imprisonment in 2012.  In his petition, he challenges the validity of his plea and

sentence raising claims concerning the factual basis for his plea, the effectiveness of

trial and appellate counsel, the accuracy of his plea, the voluntariness of his plea, the

scoring of the sentencing guidelines, and the trial court's refusal to reissue the judgment

of sentence.

      Petitioner acknowledges that his habeas petition is untimely under the one-year

statute of limitations applicable to habeas actions but says that he is entitled to

equitable tolling of the one-year period based upon actual innocence because he acted

in self-defense.  For the reasons that follow, the petition will be dismissed as untimely.

## II.  Procedural History

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied on April 16, 2014.  People v. Stewart, No. 320814 (Mich. Ct. App. April 16, 2014).  Petitioner attempted to file an application for leave to appeal with the Michigan Supreme Court.  However, the application was rejected as untimely under the 56-day time limit for filing such applications.

On July 21, 2015, Petitioner filed a motion for relief from judgment in the trial court.  The trial court denied the motion on August 21, 2105.  People v. Stewart, No. 11-011355-01-FC (Wayne Co. Cir. Ct. Dkt.).  He then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to establish that the trial court erred in denying his motion for relief from judgment.  People v. Stewart, No. 330906 (Mich. Ct. App. March 24, 2016).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied for failure to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D).  People v. Stewart, 500 Mich. 896 (Nov. 30, 2016).

On March 14, 2017, Petitioner dated and filed the petition.

## III.  Discussion

As noted above, there is a question as to whether Petitioner has complied with the one-year statute of limitations, as Petitioner himself appears to concede it is not timely.  The statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  A habeas petition filed outside the proscribed time period must be dismissed.  See Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late).  Although Petitioner has raised the issue, "district courts are permitted . . . to consider sua sponte, the timeliness of a state prisoner's federal habeas petition."  Day v. McDonough, 547 U.S. 198, 209 (2006).

Here, the Michigan Court of Appeals denied leave to appeal on direct appeal on April 16, 2014.  Petitioner then had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court.  See Mich. Ct. R. 7.302(C)(2).  He did not do so.  His conviction therefore became final on June 11, 2014 when the time for seeking leave to appeal with the Michigan Supreme Court expired.  See Gonzalez v. Thaler, 565

U.S. 134, 154 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires); <u>Brown v. McKee</u>, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).[1]  Accordingly, Petitioner was required to file his federal habeas petition on or before June 11, 2015, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on July 21, 2015.  By that date, however, the one-year period had expired more than a month ago.  It is well established that a state court post-conviction motion that is filed after the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.  <u>Hargrove v. Brigano</u>, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); <u>Jurado v. Burt</u>, 337 F.3d 638, 641 (6th Cir. 2003).  Moreover, the limitations period does not begin to run anew after the completion of state post-conviction proceedings.  <u>Searcy v. Carter</u>, 246 F.3d 515, 519 (6th Cir. 2001).  Petitioner did not date his federal habeas petition until March 14, 2017 – long after the one-year period had expired.

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his habeas claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law.  The petition is therefore untimely under 28 U.S.C. § 2244(d).

The Supreme Court has confirmed that the one-year statute of limitations is not a

---

[1]Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired.  *See* Rule 13(1), Supreme Court Rules.  Here, however, Petitioner is not entitled to have the 90 days added to the limitations period because he did not timely seek leave to appeal with the Michigan Supreme Court.

jurisdictional bar and is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Robertson v. Simpson, 624 F.3d 781, 783-84 (6th Cir. 2010).  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing.  The fact that he is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling.  See Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir. 2012).  Thus, Petitioner is not entitled to equitable tolling.

However, both the Supreme Court and the Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations.  McQuiggin v. Perkins, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); Souter v. Jones, 395 F.3d 577, 588-90 (6th Cir. 2005).  As explained in Souter, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable

juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)); see also House v. Bell, 547 U.S. 518, 537-39 (2006).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.  In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" Souter, 395 F.3d at 590 (quoting Schlup, 513 U.S. at 321).

Petitioner has not met the high burden of showing actual innocence.  Although Petitioner says that he is actually innocent because he has evidence that he acted in self-defense, a claim of self-defense is a claim of legal innocence, not factual innocence.  See Bacon v. Klee, No. 15-2491, 2016 WL 7009108, *8 (6th Cir. Nov. 30, 2016); Harvey v. Jones, 179 F. App'x 294, 298-99 (6th Cir. 2006) (citing cases).  As such, it cannot serve to equitably toll the one-year period.  Id.  Moreover, Petitioner's self-defense evidence is not "new" given that he cites to preliminary examination testimony, police reports, and a hospital statement which were available to him at the time of his plea.  Petitioner's self-serving, conclusory assertions of innocence are also insufficient to support an actual innocence claim.  A "reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." McCray v. Vasbinder, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases).  Furthermore, Petitioner's guilty plea belies an actual innocence claim.  Lastly, Petitioner's assertions that his

-6-

habeas claims have merit and that his plea and sentence are invalid do not establish his

actual innocence.

Overall, the petition is untimely and Petitioner has not established that he is

entitled to equitable tolling of the one-year period or that he is actually innocent so as to

excuse the untimeliness.

### IV.  Conclusion

For the reasons stated above, the petition is DISMISSED as barred by the

statute of limitations.  Further, jurists of reason would not find the Court's procedural

ruling debatable.  Accordingly, the Court DENIES a certificate of appealability under 28

U.S.C. § 2253(c)(1)(a).[2]  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

SO ORDERED.


S/Avern Cohn
 AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2017
          Detroit, Michigan

---

[2]"The district court must issue or deny a certificate of appealability when it enters
a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28
U.S.C. foll. § 2254.